UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 4, 2020

MEMORANDUM TO COUNSEL RE:   James Edward Williams v. Rite Aid of Maryland, Inc.[1]
Civil Action No. GLR-20-897

Dear Counsel:

Pending before the Court is Defendant Rite Aid of Maryland, Inc.'s ("Rite Aid") Partial Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment (ECF No. 7). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion, which it construes as a motion to dismiss.

In November 2011, Plaintiff James Edward Williams began working as a security guard at Rite Aid's Mid-Atlantic Customer Support Center in Aberdeen, Maryland. (Compl. ¶¶ 12–13, ECF No. 1). During his tenure in this position, Williams became aware that "African-American employees were being treated differently than Caucasian employees" in that "African-American employees received greater and harsher discipline" than non-African-American employees "for the same offenses," "African-American employees were targeted by management for discipline and termination," and "African-American employees received greater scrutiny than [non-]African-American employees[] in the conduct of their employment." (Id. ¶ 16). Williams reported these observations to his immediate supervisor; however, Rite Aid "took no remedial action to improve the circumstances or conditions for African-American employees at the job site." (Id. ¶ 17).

On or about September 24, 2019, Rite Aid terminated Williams' employment. (Id. ¶ 15). Prior to his termination, Williams had not received any adverse employment warnings, reprimands, or disciplinary actions. (Id. ¶ 16). Department Manager Bill Adams informed Williams that he was being fired for falsifying records. (Id. ¶ 18). Specifically, Williams' co-worker Cindy Smith, who is Caucasian, allegedly saw Williams sleeping in his car at the job site, took photos of Williams' time sheet, and reported the incident to her immediate supervisor. (Id.). Smith also threatened to report the incident to management if her supervisor did not do something about Williams' conduct. (Id.).

---

[1] The Complaint names "Rite Aid Inc." as the Defendant in this matter, and the Defendant's name is incorrectly spelled as "Rite Aide Inc." on the Court's docket. Defendant notes that these entities do not exist, and Plaintiff James Edward Williams was at all times employed by Rite Aid of Maryland, Inc. Accordingly, the Court will direct the Clerk to correct the docket by replacing "Rite Aide Inc." with "Rite Aid of Maryland, Inc."

For his part, Williams "categorically denies falsifying time records or sleeping while at the job site." (Id. ¶ 19). Additionally, Williams alleges that Smith "had contemporaneously been observed on camera stealing items from the lost and found" but only received a suspension. (Id. ¶ 20). Williams contends that his termination, as compared to the lesser disciplinary action against Smith, is "indicative of the racial favoritism that [Williams] endured during his tenure as an employee of [Rite Aid]." (Id. ¶ 21).

On or about December 30, 2019, Williams filed a Charge of Discrimination against the "Rite Aid Distribution Center" with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 10; see also Def.'s Part. Mot. Dismiss Pl.'s Compl. Alt. Summ. J. ["Def.'s Mot."] Ex. B ["EEOC Charge"], ECF No. 7-3).[2] In his EEOC Charge, Williams checked "Race" under the "DISCRIMINATION BASED ON" section and stated that he "believe[s] [he] ha[s] been discriminated against because of [his] race (Black) with respect to discharge in violation of Title VII of the Civil Rights Act of 1964, as amended." (Compl. ¶ 10; EEOC Charge at 1). The EEOC issued Williams a right-to-sue letter on January 6, 2020. (Compl. ¶ 10; see also Def.'s Mot. Ex. C ["Notice of Rights Letter"], ECF No. 7-4).

On April 5, 2020, Williams filed a Complaint against Rite Aid. (ECF No. 1). Williams' three-count Complaint alleges: racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") (Count I); retaliation in violation of Title VII (Count II); and violation of 42 U.S.C. § 1981 (Count III). (Compl. ¶¶ 22–66). Williams states that he, as an "African-American male," is a member of a protected class. (Id. ¶¶ 21, 26, 62). Williams seeks compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and a declaratory judgment that Rite Aid violated Title VII and § 1981. (Id. at 11–12).

Rite Aid contends that partial dismissal of the Complaint is warranted because Williams failed to exhaust his administrative remedies. A motion to dismiss for failure to exhaust administrative remedies is governed by Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Khoury v. Meserve, 268 F.Supp.2d 600, 606 (D.Md. 2003). A 12(b)(1) motion should be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted). The plaintiff bears the burden of proving that subject matter jurisdiction exists. Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008). When considering a Rule 12(b)(1) motion, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans, 166 F.3d at 647 (internal quotation marks and citation omitted).

---

[2] Because the EEOC Charge and Notice of Right-to-Sue are central to Williams' Complaint and Williams references them therein, consideration of these documents does not convert Rite Aid's Partial Motion to Dismiss into a motion for summary judgment. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (holding that the court may consider an attachment to the motion to dismiss, even at the Rule 12(b)(6) stage, as it is "clearly integral to, and was relied upon in, [Plaintiff]'s complaint").

Rite Aid argues that Williams failed to exhaust his administrative remedies as to any sex discrimination and sex or race harassment claims under Count I and his retaliation claim in Count II because Williams' initial EEOC Charge alleged only race discrimination.[3] The Court agrees.

Before a plaintiff may file suit under Title VII, he is required to exhaust his administrative remedies by filing a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(f)(1). A charge is sufficient "only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quoting 29 C.F.R. § 1601.12(b)). The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (citing King v. Seaboard Coast Line R. Co., 538 F.2d 581, 583 (4th Cir. 1976)). "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 301 (4th Cir. 2009) (citing Evans, 80 F.3d at 963); see also Mercer v. PHH Corp., 64 F.Supp.3d 727, 737 (D.Md. 2014) (dismissing discrimination claim for lack of subject matter jurisdiction where only "retaliation" box on charge of discrimination was checked), aff'd, 641 F.App'x 233 (4th Cir. 2016). Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138–40 (4th Cir. 1995).

Here, Williams' identified "Race" as the basis of the alleged discrimination and stated his belief that he had "been discriminated against because of [his] race (Black)" on his EEOC Charge. (EEOC Charge at 1). No other circumstances of alleged discrimination, including sex discrimination, harassment, or retaliation, were selected. (See id.). Furthermore, Williams' statement of particulars did not include any facts that would have resulted in administrative investigation of sex discrimination, race or sex harassment, or retaliation. (See id.); see also Abdelkader v. Sears, Roebuck & Co., 780 F.Supp.2d 389, 396 (D.Md. 2011) (barring plaintiff from bringing a retaliation claim where "her statement of particulars does not include any facts that would have resulted in administrative investigation of retaliation"). Accordingly, Williams has failed to exhaust administrative remedies as to his claims for unlawful discrimination based on sex under Count I, harassment based on sex or race under Count I, and retaliation in Count II. Therefore, these claims must be dismissed for lack of subject matter jurisdiction.

---

[3] Williams' four-page Opposition merely states that entering summary judgment in favor of Rite Aid would be premature and inappropriate; Williams does not respond to Rite Aid's arguments about exhaustion of administrative remedies. The Court notes that Williams' failure to address these arguments warrants a ruling in Rite Aid's favor. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."). Moreover, as discussed above, the Court may consider outside materials on a 12(b)(1) motion to dismiss without converting the motion into one for summary judgment. See Evans, 166 F.3d at 647.

For the foregoing reasons, Rite Aid's Partial Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment (ECF No. 7), which the Court construes as a motion to dismiss, is GRANTED. Count I, to the extent it alleges claims for sex discrimination and sex or race harassment, and Count II are DISMISSED WITH PREJUDICE. Rite Aid is directed to ANSWER the remaining claims in the Complaint within fourteen (14) days of the date of this Order. Finally, the Clerk is directed to AMEND the Defendant's name on the docket consistent with the case caption above.

Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/
    George L. Russell, III
    United States District Judge